---

(39 Misc. Rep. 117.)

In re EADIE.

(Surrogate's Court, Kings County. October, 1902.)

1. EXECUTORS—MORTGAGES AGAINST ESTATE.

   Where testator had given mortgages to an executor on property of which he died seised, such mortgages need not be established as claims on the judicial settlement by the executor of his accounts.

2. SAME—CONTESTING ACCOUNT—COSTS.

   Where a settlement of an executor's account shows that the estate owes the executor more than he has been surcharged as a result of a contest, as no material benefit has resulted to the estate, contestants are not entitled to costs.

In the matter of the accounting of James S. Eadie, executor. Motion to confirm referee's report. Granted.

Shipman, Larocque & Choate (Frederic A. Ward and Henry B. Pogson, of counsel), for executor.

Andrew J. Provost, for contestants.

William H. Ford, special guardian, for Ford S. Cole, William M. Cole, Sr., William M. Cole, Jr., and Secor A. Cole.

CHURCH, S. This is a motion to confirm a referee's report. Except the legal proposition, which I will consider hereafter, the various questions which were argued before the referee turn principally upon the construction that he should give upon the evidence that was advanced. I have examined the evidence, the referee's report, and the briefs of counsel, with considerable care. The referee had the benefit of the parties appearing before him, and could observe their demeanor and method of testifying. From this he has drawn certain conclusions, and there is nothing shown upon the papers which would indicate that he has made any error, except that the counsel for the contestants assumes that the evidence is entitled to a different interpretation. Upon these questions, therefore, it is unnecessary for me to say anything further, except that the referee, by his opinion, appears to give the same very careful attention and consideration, and to have thoroughly appreciated the importance of the various ques-

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 773.

tions which were submitted to him; and not only is there nothing to show that he has committed an error in his interpretation of the same, but a careful inspection of the testimony seems to uphold his views.

There is one question of law, however, which is argued before me with considerable force. It appears that the testator, in his lifetime, executed to the executor two certain mortgages upon property of which he died seised and possessed. The counsel for the contestants endeavors to assail the validity of these mortgages, and contends that they are in the nature of a claim which is presented by the executor against the deceased's estate, and that the executor must therefore prove his claim. In this, it seems to me, the contestants are clearly mistaken. Claims against a deceased's estate, as understood by the law, mean obligations owing by the deceased which have not been reduced to judgment, or which are not specific liens upon any portion of his estate, and which require to be proved in order to be allowed. A bond and mortgage is an instrument under seal. The bond imports consideration, and is the evidence of the debt, and the mortgage is a direct lien upon the real estate of the deceased. They were therefore good as to all the world until they were set aside by a decision of a court of equity in an appropriate proceeding brought for that purpose, and the executor was not required to prove the same in the ordinary method, as required of claims against a deceased's estate. Nor did the referee, nor does this court, have jurisdiction to attack these mortgages collaterally, and permit the contestants to produce evidence tending to set aside such instruments on the ground of fraud. If the parties desire to set aside any apparent conveyance, then they could go into a court of equity and take action to cancel or set aside these instruments. In re Randall, 152 N. Y. 508, 46 N. E. 945; In re Bolton, 159 N. Y. 129, 53 N. E. 756.

There remains but the question of costs, which are asked for by the counsel for the contestants. As the final account shows that the estate is in debt to the executor more than the amount which the referee has held that he should surcharge himself with, it cannot be said that the contestants, in making this contest, have rendered any material benefit to this estate, and therefore their request in this respect is denied. As to the special guardian, however, he is entitled to his allowance for the services rendered herein. Let him present an affidavit showing the character of the services rendered herein.

The motion to confirm the referee's report is granted; decree to be settled on notice. Motion granted.