In the Matter of the Estate of JULIA S. LAWRENCE, Deceased.

Surrogate's Court, Orange County, March 14, 1932.

*Schriver & Eager* [*Samuel W. Eager* of counsel], for the objectors.

*A. C. N. Thompson,* for the executor.

TAYLOR, S. Ordinarily the personal representative of an estate is required to present proof of his personal claim against the estate. (Surr. Ct. Act, § 209.) This requirement does not apply, however, to mortgages, for, as was said in *Matter of Eadie* (39 Misc. 117, 119): " A bond and mortgage is an instrument under seal; the bond imports consideration and is the evidence of the debt, and the mortgage is a direct lien upon the real estate of the deceased. They were, therefore, good as to all the world, until they were set aside by a decision of a court of equity in an appropriate proceeding brought for that purpose, and the executor was not required to prove the same in the ordinary method, as required of claims against a decedent's estate."

Counsel agreed that there is $2,000 of principal due upon the two mortgages in question and that the interest amounts to $1,100. These items will be allowed.

The payment of $600, alleged to have been made by the executor personally for the account of the decedent on one of these mortgages on July 1, 1913, is disallowed because there has been no proof offered of it. When the executor paid this amount he placed himself without the protection of the rule that mortgage debts do not need to be proved and the debt is one upon contract, subject to the six-year Statute of Limitations.

As it became necessary for the objectors to force an accounting, an allowance of $100 will be made to counsel for the objectors and the executor's commissions reduced in that amount.

Decree may be settled upon two days' notice, or by consent.